Reade, J.
 

 Upon the return of the proceedings in ba-stardy to the County Court, the defendant moved to quash, “ for the reason .that the oath of the mother, a freed woman, should not be taken against him, a white man.” The pro ceedings were quashed, and the Solicitor for the State appealed to the Superior Court. In the Superior Court the decision of the County Court was affirmed, his Honor being of the opinion “ that if this was a criminal proceeding, then the act of 10th March, 1866, ought not to have an
 
 ex post
 
 
 *230
 

 facto
 
 operation; and that it it was a civil proceeding, then The mother had no interest in the suit, and was no party of xeeord,” and was therefore incompetent to testify against the defendant.
 

 The act of 1866, ch. 40, sec. 9, provides that persons •of color, not otherwise incompetent, shall be capable of of bearing evidence in all controversies at law, or in equity, where the rights of persons or property of persons of color •shall be put in issue, and would be concluded by the judgment or decree of the court; and also in pleas of the State, where the violence, fraud or injury alleged shall be charged to have been done by or to persons of color;
 
 Provided,,
 
 that no person shall be deemed incompetent to bear testimony in such cases, because of being a party to the record or in interest.”
 

 The question is, whether any person of color had an interest in this suit ?
 

 We think that the mother of the bastard had an interest in the proceedings, and that her interest would be concluded by the judgment of the court. The child was not
 
 sioorn
 
 until some ten months after its birth, during which time she lhad supported it, and she was entitled to be reimbursed for ¿her outlays, and it is usual for the court to provide for her xeimbursement by the father. Her claim is imperfect, to be sure, but it is
 
 in the nature
 
 of money laid out and expended ior the use of the father.
 
 State
 
 v.
 
 Ellis, 12
 
 Ire, 264.
 

 The child is also interested, as it is for its support that the ■proceedings are instituted. It is not intended by nature, nor is it tolerated by the law, that men should cast their •offspring upon the world, with all the disadvantages of caste ,-and color, and leave them to perish, or else to be supported by the public.
 

 There is another sense in which the mother is interested. The proceeding in its incipiency is against her; she is arrested and brought before the magistrate, and if she does not de
 
 *231
 
 dare the father, she is compelled to pay a fine or go to jail, to be discharged only upon her declaring the father or giving bond.
 

 This, then, is a civil proceeding in which a colored person is interested, and therefore the mother is a competent witness, under the act of 10th March, 1866.
 

 This opinion will be certified to the Superior Court, that a
 
 procedendo
 
 may issue to the County Court, to proceed in the case according to law.
 

 Per Curiam. Judgment reversed.